GEORGE W. NOWELL (SBN: 83868)
george.nowell@nowelllaw.com
PAUL B. ARENAS (SBN: 167863)
paul.arenas@nowelllaw.com
JOHN H. CIGAVIC III (SBN: 231806)
john.cigavic@nowelllaw.com
LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Telephone: (415) 362-1333
Facsimile: (415) 362-1344
Attorneys for TAURUS MARINE, INC.

ORIGINAL FILED

JUL - 2 2008

E-filing RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

IN RE COMPLAINT OF TAURUS MARINE, ) CV CASE NO. 08 3195 EMC
INC. AS OWNERS AND/OR OPERATORS OF )
THE TUG *TERILYN* HER ENGINES, ) COMPLAINT FOR EXONERATION
TACKLE, APPURTENANCES IN A CAUSE ) FROM OR LIMITATION OF
OF EXONERATION FROM OR LIMITATION ) LIABILITY PURSUANT TO 46 USC §
OF LIABILITY, ) 30501, *et seq.*
)
       Petitioner, ) IN ADMIRALTY
)
v. ) FRCivP SUPP RULE F
)
THE COUNTY OF MARIN, STATE OF )
CALIFORNIA, )
)
       Claimant. )
)
)
)

BY FAX

COMES NOW PETITIONER TAURUS MARINE, INC. ("petitioner") in this cause for

exoneration from or limitation of liability, civil and maritime, and avers as follows:

//
//
//
//
//
//

---

1
**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY
PURSUANT TO 46 USC § 30501, *et seq.***

P0523.2008-1784

## JURISDICTION

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure (FRCivP).

2. This complaint is filed within six (6) months after the date of the allision of 4 January 2008 as more fully set out herein and within six months of receipt of any Claim in writing.

## VENUE

3. Venue is proper in this jurisdiction and in this division because the vessel may be found in this district and the incident giving rise to this complaint occurred in Marin County, California.

## PARTIES

4. Petitioner TAURUS MARINE, INC. was at all times material to this action and is now a California corporation having its principal place of business in San Francisco, California.

5. Petitioner TAURUS MARINE, INC. is the sole owner of the Tug TERILYN (Official Number 530049).

6. Claimant County of Marin, State of California, is a governmental division of the State of California.

## GENERAL ALLEGATIONS

7. On 4 January 2008, during the early morning hours in stormy conditions the Tug TERILYN was ordered by the owners and operators of Dutra Construction Company ("Dutra") Sand Scow CK-7 ("CK-7") to move it to a specific mooring near the McNear Fishing Pier ("Pier") on the Marin County coast in the San Francisco Bay. Tug TERILYN performed as directed. The storm increased in intensity and by 6:00 a.m. CK-7 was reported to be away from the mooring, aground and touching the Pier. At about 8:00 a.m., the Tug TERILYN was directed by the owners and operators of CK-7 to use a line to the stern of CK-7 and remove her from her aground position. During that effort a line tied to the bow of the aground CK-7 was loosened by others, permitting CK-7 to allide with the Pier a second time and allegedly cause

2

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY
PURSUANT TO 46 USC § 30501, *et seq.*

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

P0523.2008-1784

1  damage to the Pier and to itself. The Tug TERILYN did not sustain any damage as a result of
2  the allision. No physical injuries to people were sustained as a result of the incident.
3      8.     Petitioner used due diligence to make the Tug TERILYN seaworthy and at all
4  pertinent times said vessel was tight, staunch, strong, fully manned, equipped, and supplied and
5  in all respects seaworthy and fit for service(s) in which she was engaged.
6      9.     At all relevant times the Tug TERILYN was under the command of a competent
7  and experienced master, was fully manned by competent licensed officers and unlicensed
8  personnel, and was operated in full compliance with prudent seamanship and the applicable
9  Navigation Rules and did not violate any statutory or regulatory provisions, and petitioner lacked
10  privity and knowledge of any such delicts, if they occurred.
11      10.     The Tug TERILYN is now and will be during the pendency of this cause, afloat in
12  the waters of the San Francisco Bay and within the territorial limits of this Court.
13      11.     The foregoing damages to the Pier were not caused or contributed to by any fault,
14  negligence, or lack of care on the part of petitioner or the Tug TERILYN, her/their owners,
15  operators, officers, crew or others for whom petitioner was or is responsible; rather, were caused
16  by the fault, negligence, and lack of care of other parties or by the forces of nature.
17      12.     Petitioner denies that it or the Tug TERILYN or any persons or property for
18  whom they may be held responsible are liable to any extent in the premises and in that regard
19  petitioner claims exoneration from liability for all claims, damages and destruction done,
20  occasioned, or incurred by any reason of the foregoing matters. In the alternative and without
21  admitting liability, petitioner avers that in the event it should be held responsible to any party by
22  reasons of the foregoing matters, petitioner and Tug TERILYN claim the benefit of limitation of
23  liability as provided for in The Limitation of Liability Act of 1851, 46 U.S.C. § 30501, *et seq.*
24  (formerly 46 U.S.C.S. App. § 181, *et seq.*).
25      13.     All of the losses, damages and destruction resulting from the foregoing incident
26  were done, occasioned, and incurred without fault on the part of petitioner and without its privity
27  or knowledge.
28  //

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

3

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY
PURSUANT TO 46 USC § 30501,** *et seq.*

P0523.2008-1784

14. Petitioner is unaware of any written claims currently pending against it or the Tug TERILYN. Petitioner is informed and believes that County of Marin, State of California, has valued the costs of repairing the alleged damage to the McNear Pier at over $1,000,000.

15. The market value of the Tug TERILYN, and the value of petitioner's interest in her, does not exceed the sum of $1,001,000. No freight was pending at the time of the incident.

16. Petitioner has filed herewith an Ad Interim Stipulation in appropriate form, with a Letter of Undertaking as security for the amount of petitioner's interest in the Tug TERILYN at the close of the above described voyage, together with interest at a rate provided by law of 6 percent, from the date of said Stipulation (and for costs). In addition, petitioner is prepared to give a Bond or Stipulation for any amount in excess of or less than the amounts indicated in the Ad Interim Stipulation as may be ascertained and determined to be necessary under Order of this Court, as provided by the Laws of the United States and the Federal Rules of Civil Procedure.

17. Petitioner is unaware of the existence of any demands, unsatisfied liens or claims of liens either in contract or in tort against Tug TERILYN, nor of any suits pending thereon, and she has not been sued *in rem* elsewhere, as far as known by petitioner.

**PRAYER**

WHEREFORE petitioner TAURUS MARINE, INC. prays:

1. That this Court cause due appraisement to be made of the amount of value of petitioner's interest in the Tug TERILYN at the conclusion of the voyage upon which she was engaged at the time of the incident herein described.

2. That the Court approve petitioner's Ad Interim Stipulation and Letter of Undertaking in the total amount of $1,001,000 which represents (a) the value of the Tug TERILYN, and (b) petitioner's statutory obligation to give costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure and Rule 5-1 of the Local Admiralty Rules.

3. That on filing of the stipulation, the Court issue a Notice to all persons, firms, and corporations, and anyone claiming by and through them, asserting a claim for any and all losses, damages, injuries or destruction with respect to which petitioner seeks exoneration from or

1 limitation of liability and admonishing them to appear and file their respective claims with the
2 Clerk of the Court and serve on the attorney for petitioner a copy thereof on or before the date
3 specified in the Notice lest they be forever barred and permanently enjoined from making and
4 filing such claims, and also answer all and singular the allegations of the Complaint if they desire
5 to do so.

6     4. That upon the filing of the Ad Interim Stipulation, the Court will issue an Order
7 enjoining and restraining the commencement or prosecution of any action or proceeding of any
8 kind against petitioner, or any of its property, with respect to any claim for which petitioner
9 seeks exoneration or limitation, including any claim arising out of or in connection with any
10 losses, damages, or destruction resulting from the incident described in the Complaint.

11     5. That petitioner be ordered to serve a copy of that Notice and Order on the persons
12 to be so restrained.

13     6. That the court adjudge and decree that the petitioner and the Tug TERILYN are
14 not liable to any extent whatsoever for losses, damages, injuries or destruction, for any claims
15 whatsoever done, occasioned or incurred as a result of the matters and happenings referred to in
16 this Complaint; or in the alternative if petitioner is held liable in any part, then its liability shall
17 be limited to $1,001,000 plus interest, which is the amount or value of petitioner's interest in the
18 Tug TERILYN at the end of the voyage on which she was engaged at the time of said allision,
19 and that petitioner be discharged therefrom upon the surrender of such interest, and that the
20 money surrendered, paid, or secured to be paid as aforesaid be divided pro-rata according to the
21 above mentioned statutes among such claimants as may duly prove their claims, saving to all
22 parties any priorities to which they may be legally entitled and any rights petitioner may have to
23 seek a reduction in such security.

24     7. That a judgment may be entered discharging petitioner and the Tug TERILYN
25 from all further liability and forever enjoining and prohibiting the filing or prosecution of any
26 claims against petitioner or its property as a consequence of or in connection with the matters
27 and happenings referred to in this Complaint.
28 //

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

8. For such other and further relief as may be just and proper.

Dated: 1 July 2008

LAW OFFICES OF GEORGE W. NOWELL

By: _____
JOHN H. CIGAVIC III
Attorneys for petitioner
TAURUS MARINE, INC.

LAW OFFICES OF GEORGE W. NOWELL
120 Montgomery Street, Suite 1990
San Francisco, CA 94104
Phone: (415) 362-1333 Fax: (415) 362-1344

6
**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY PURSUANT TO 46 USC § 30501,** *et seq.*

P0523.2008-1784